BISHOPS *et al.*
*vs*
M'NARY *et al.*

*Pirtle* for plaintiffs; *Guthrie* for defendant.

---

COVENANT.

*Case 56.*

*November 1.*

The case stated.

## Bishops *et al. vs* M'Nary *et al.*

APPEAL FROM THE BATH CIRCUIT.

*Notice.    Partnership.    Non-suit.*

JUDGE EWING delivered the Opinion of the Court.

THIS case was formerly before this Court, on the appeal of the now appellees. The history of the case and principles settled by the Court, on the facts then exhibited, will be found reported in 8 *Dana,* 150.

Upon the return of the cause to the Circuit Court, the plaintiffs amended their declaration, adding other counts, in one of which a general averment was made of reasonable and legal notice to the defendants, of the time and place of weighing and delivering the hogs, and in another an averment that they had caused the defendant, Walker, to be duly and properly notified on the 2d of October, 1837, that the plaintiffs would commence weighing and delivering the said hogs at Amus Hart's (describing the place,) on Monday the 16th day of October, 1837, and after weighing and delivering so many of the said hogs as should be weighed at the said Hart's, that the plaintiffs would forthwith go from thence to Abner Hord's, and weigh and deliver the residue of the said hogs in the covenant mentioned, and that Hart's and Hord's were both within ten miles of Elizaville; and that the time for weighing and delivering all of the said hogs at Hart's and Hord's, commencing on the 16th October, 1837, was amply sufficient, before the latest convenient hour of the day, on the 20th of the same month. The defendants filed two pleas, in one of which they deny notice to Walker,

on the 2d of October, as averred in the declaration, and in the other they deny that the plaintiffs had 600 hogs at two pens within ten miles of Elizaville, or that they weighed or set them apart, of the discription mentioned in the covenant, or that the defendants refused to receive them.

After the plaintiffs' counsel had adduced all their evidence, the Court, on the motion of the counsel for the defendants, instructed the jury as in case of a non-suit, and the plaintiffs have appealed to this Court. The evidence is objected to by the appellees, as insufficient to support the action, on the following grounds:

1st. That the notice to Walker was in parol, and not in writing.

2d. That it was given only to one of the joint contractors.

3d. That it was proven by Wallingford, who was interested on the side of the plaintiffs.

We think that neither of these objections are sustainable.

1. We know of no rule which requires that notice of the time and place when one of the contracting parties will proceed to perform the contract on his part, shall be in writing. All that can be required is that the other contracting party shall be apprised, in due time, and with such reasonable certainty of the time and place of performance, as will enable him, if he, in good faith, intends a compliance with the terms of his contract, to attend at the time and place designated. And this may be effected by a parol communication as well as by writing.

2. We also think that notice to one of two joint contracting parties, is sufficient. But if this were doubted, the jury may have inferred from the letter written by M'Nary to one of the plaintiffs, that he had been apprised by Walker, his co-contractor, or some other, of the times and places at which the plaintiffs intended to go on to fulfil their contract.

3. If it were conceded that Wallingford was interested on the side of the plaintiffs, to the extent of the costs, from the payment of which he had not been released by the plaintiffs, and was, therefore, an incompetent wit-

*Margin notes:*

Bishops et al.
*vs*
M'Nary et al.

Notice to one of two joint contracting parties, of the time and place when and where property will be delivered, is sufficient.

Notice, in writing, in such case, is not indispensable.

That the notice was proved by an incompetent witness, should not form the ground of a non-suit; a

ness; yet the instruction should not have been given on that ground.

An instruction to find as in case of a non-suit, is in the nature of a demurrer to the evidence which admits it, concedes its truth and is predicated upon it; and it matters not whether it be given by an interested or disinterested witness. To allow the motion to prevail, by a virtual exclusion or rejection of the evidence by the Judge, on the ground of the interest of the witness, would be calculated, in practice, to take the plaintiffs by surprise, and do him manifest injustice. If his evidence were rejected by a distinct motion, made to that end, the objection to the witness might be removed by release, or his evidence supplied by other witnesses, which he would be deprived of the privilege of offering, if the motion to instruct as in case of a non-suit, were to prevail on the ground contended for.

Judgment reversed and cause remanded, that a new trial may be granted.

*Hord and Apperson* for appellants; *Owsley* for appellees.